**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0098-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANGEL MEDINA,

    Defendant-Appellant.

_____

Submitted October 22, 2024 – Decided November 7, 2024

Before Judges Gooden Brown and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 04-09-2973.

Angel Medina, appellant pro se.

Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant appeals from the June 29, 2023, Law Division order denying his second petition for post-conviction relief (PCR). We affirm.

The procedural history and underlying facts in this matter are set forth at length in our prior unpublished opinion on defendant's direct appeal, in which we affirmed his convictions and sentence for murder and related weapons possession offenses stemming from the fatal shooting of Mutah Coleman after an argument outside a Newark fast-food restaurant in the early morning hours of January 1, 2004.  See State v. Medina, No. A-4611-05 (App. Div. June 23, 2008), certif. denied, 196 N.J. 466 (2008).  After the jury returned a guilty verdict in late 2005, defendant was subsequently sentenced to an aggregate term of forty years in prison, with a thirty-five-year period of parole ineligibility.  Id. at 3.

On June 28, 2013, the trial court denied defendant's first PCR petition. After conducting an evidentiary hearing, the court rejected defendant's contention that his trial attorney was ineffective by failing to keep him apprised of the case status and provide him with complete discovery and determined that trial counsel's credible testimony negated defendant's claims.  We affirmed in an unpublished opinion, noting "the judge's credibility findings were sufficiently supported in the record to be afforded substantial deference."  State v. Medina, No. A-3204-13 (App. Div. May 11, 2015) (slip op. at 12-13).  The Supreme Court denied certification.  State v. Medina, 224 N.J. 244 (2016).

2

Defendant also challenged his convictions in federal courts. On April 7, 2017, defendant's petition for a writ of habeas corpus was denied in the federal district court. Medina v. Johnson, No. 16-cv-2162, 2017 U.S. Dist. LEXIS 53418, at *1 (D.N.J. Apr. 7, 2017). The Third Circuit denied a certificate of appealability, Medina v. Adm'r N.J. State Prison, No. 17-cv-1975, 2017 U.S. App. LEXIS 22556 (3d Cir. July 27, 2017), and the United States Supreme Court denied defendant's petition for a writ of certiorari. Medina v. Johnson, 586 U.S. 829 (2018).

On May 18, 2022, defendant filed a second PCR petition and moved for a determination of good cause for the assignment of counsel. In the petition, defendant again asserted his trial attorney was ineffective by failing to provide him with complete discovery and relay plea offers. To overcome the procedural bar and time limitations prescribed in Rules 3:22-4 and 3:22-12, defendant certified that "despite [his] diligent work to pursue all available avenues for relief," he only obtained the complete discovery "in or around the summer of 2021" and "only discovered the facts and charges of ineffective assistance of counsel . . . in or around September 2021."

In a written opinion and order, the second PCR judge determined that "on the face of the . . . petition," defendant failed to allege "a basis for precluding

3

dismissal under [Rule] 3:22-4," and dismissed the petition for "failure to show good cause" under Rule 3:22-6(b). The judge also found that defendant failed to establish "a prima facie case of ineffective assistance of counsel" based on trial counsel's credible testimony during the evidentiary hearing conducted in connection with defendant's first PCR petition. The judge recounted that trial counsel had testified "that he did in fact review complete discovery with [d]efendant." As a result, the judge concluded that defendant's claims to the contrary were nothing "more than 'bald assertions.'" See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) ("[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel.") (italicization omitted). This appeal followed.

On appeal, defendant raises the following single point for our consideration:

> THE [PCR] COURT ERRED IN IT[S] DECISION DENYING DEFENDANT'S . . . SECOND [PETITION FOR] POST[-]CONVICTION RELIEF[.]

Under Rule 3:22-4(b), "[a] second or subsequent petition for post-conviction relief shall be dismissed" unless:

> (1) it is timely under [Rule] 3:22-12(a)(2); and

A-0098-23

(2) it alleges on its face either:

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

[R. 3:22-4(b).]

Under Rule 3:22-12(a)(2), a second or subsequent PCR petition is timely only if it is filed within one year of "the date on which the [new] constitutional right asserted was initially recognized"; "the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence"; or "the date of the denial of the first or subsequent application for post-conviction relief where

5

ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged."

"[E]nlargement of Rule 3:22-12's time limits 'is absolutely prohibited.'" State v. Jackson, 454 N.J. Super. 284, 292 (App. Div. 2018) (quoting Aujero v. Cirelli, 110 N.J. 566, 577 (1988)); see R. 3:22-12(b) ("These time limitations shall not be relaxed, except as provided herein."); see also R. 1:3-4(c) ("Neither the parties nor the court may . . . enlarge the time specified by . . . R[ule] 3:22-12 . . . .") (citations omitted). In addition, "[a] petitioner is generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal, R[ule] 3:22-4(a), or that has been previously litigated, R[ule] 3:22-5." State v. Nash, 212 N.J. 518, 546 (2013) (footnote omitted).

A second or subsequent PCR petitioner shall be assigned counsel "only upon application therefor and showing of good cause." R. 3:22-6(b). "[G]ood cause exists only when the court finds that a substantial issue of fact or law requires assignment of counsel and when a second or subsequent petition alleges on its face a basis to preclude dismissal under R[ule] 3:22-4." R. 3:22-6(b). To find good cause, the court must be satisfied "that there is some merit in the subsequent petition and that it is not wholly frivolous." Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 3:22-6(b) (2025). We review de novo

the trial court's legal conclusion that defendant's second PCR petition is procedurally barred. See State v. Harris, 181 N.J. 391, 419 (2004) ("Assessing [ineffective assistance of counsel] claims involves matters of fact, but the ultimate determination is one of law and . . . '[a] trial court's interpretation[s] of the law and the legal consequences that flow from established facts are not entitled to any special deference.'" (second alteration in original) (quoting Manalapan Realty, L.P. v. Twp. Committee, 140 N.J. 366, 378 (1995))).

Our review of the record readily reveals that defendant's second petition is procedurally barred. The petition was filed May 18, 2022. In his certification, defendant vaguely asserts he only obtained the complete discovery "in or around the summer of 2021." However, defendant failed to adequately explain exactly what records he received or when he received the records to justify the late filing. Without greater specificity, we conclude the issues were raised more than one year after the factual predicate for the relief sought was discovered. Further, given the procedural history of the case and the fact that the identical issue was previously raised and litigated in an evidentiary hearing in the first PCR petition, we are convinced the factual predicate could have been discovered earlier through the exercise of reasonable diligence. Additionally, given the prior adjudication of the first PCR petition, the issue has been previously litigated.

A-0098-23

Defendant's arguments are therefore precluded by Rules 3:22-4, 3:22-5, and 3:22-12(a).

We also reject defendant's vague assertion that his second PCR counsel was ineffective as it was never raised in the trial court and therefore is not properly before us. See State v. Robinson, 200 N.J. 1, 20 (2009) ("[A]ppellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973))). To the extent we have not addressed any specific argument, it is because it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0098-23